IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDRICK LIPSCOMB,** | |
| **Petitioner,** | |
| v. | Case No. 3:23-CV-02547-NJR |
| **IDOC,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on preliminary review of the Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254[1] by Petitioner Frederick Lipscomb. (Doc. 1). Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Lipscomb is an inmate with the Illinois Department of Corrections ("IDOC"), currently housed at Big Muddy River Correctional Center. (Doc. 1). His petition asserts that he was denied due process throughout various disciplinary actions. (*Id.*). Lipscomb states that his disciplinary tickets were forged, that he was denied due process in his disciplinary hearing when he was not allowed to call witnesses or present evidence

---

[1] Lipscomb filed his petition on a form for claims made under 28 U.S.C. § 2241, but, as a state prisoner challenging the legality of his state custody, his claim is properly brought under 28 U.S.C. § 2254.

before a fair and impartial decision maker, and that as a result of these violations he lost 45 days of good conduct time and experienced seven days of segregation. (*Id.*). Petitioner indicates that he has exhausted administrative review by filing and appealing grievances. He also previously filed a separate Section 1983 action arising out of these same facts. (*Id.*).

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)). "The exhaustion requirement provides the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013) (quotations omitted). To satisfy this requirement, a state prisoner raising a due process challenge to prison disciplinary proceedings under Section 2254 must first exhaust *both* administrative remedies and state judicial remedies. *McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001).

To exhaust state judicial remedies in an action challenging prison disciplinary proceedings, an inmate must file a petition for mandamus. *See Donelson v. Pfister*, 811 F.3d 911, 915 (7th Cir. 2016); *McAtee*, 250 F.3d at 508. Following the petition for mandamus, the petitioner is also required to complete one round of the "State's established appellate review process." *O'Sullivan*, 526 U.S. at 845; *see also* 28 U.S.C. §2254(c). In Illinois, this requires presenting one's claims to the intermediate appellate court and petitioning for leave to appeal to the Illinois Supreme Court. *Id*.

Because Lipscomb failed to exhaust his claims in state court before filing his habeas petition, the Court finds that his petition must be dismissed. Lipscomb indicates that he

has gone through the requisite administrative review, but there is no evidence or indication that he has exhausted his state judicial remedies. Accordingly, Lipscomb's claims must be dismissed to allow for exhaustion in state court.

For these reasons, the Petition for Writ of Habeas Corpus filed by Petitioner Frederick Lipscomb (Doc. 1) is **DENIED without prejudice**.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable that this Court's ruling on the issue of exhaustion is correct. Accordingly, the Court denies a certificate of appealability. Lipscomb may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. See FED. R. APP. P. 22(b);

28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

DATED:   August 31, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**